# PER CURIAM OPINIONS DELIVERED BY THE SUPREME COURT OF THE UNITED STATES FROM MARCH 1, 1909, TO THE END OF OCTOBER TERM, 1908.

---

## MATTER OF HUDSON OIL & SUPPLY CO., PETITIONER.

### MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF PROHIBITION DIRECTED TO THE JUDGES OF THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEW JERSEY.

No. ——.  Original.  Submitted February 23, 1909.—Decided March 1, 1909.

Writ of prohibition to prohibit Judges of the District Court from applying any part of proceeds of sale under decrees of admiralty court of same district of vessels belonging to a bankrupt, and surrendered by the receiver for adjudication of the maritime liens, to the payment of the receiver's expenses and commissions in connection with such vessels, until all maritime liens had been paid in full, refused.

A PETITION in bankruptcy having been filed by one James Hughes, and a receiver of his property appointed, petitioner and others filed libels in the admiralty court in the same district as the bankrupt court to enforce maritime liens on a number of vessels owned by the bankrupt, and, after attachment by the marshal, the receiver surrendered the vessels; decrees of condemnation and sale were rendered, the vessels sold and proceeds deposited in the registry of the court. The petitioner alleged that although neither the receiver nor the trustees subsequently appointed had appeared in the proceedings as intervenor or otherwise, the bankrupt court had directed the clerk of the court before distributing to the libellants the proceeds of sale, which were insufficient to pay all the maritime claims for which the vessels were sold, all expenses, commissions and counsel fees of the commissioner.

The petitioner asked for a writ of prohibition against the Judges of the District Court to prohibit them from making any order in the admiralty court withdrawing in favor of the bankrupt estate any of the proceeds of the sale in admiralty until the maritime liens were paid.

*Mr.' de Lagnel Berier* for petitioner contended that under § 688, Rev. Stat., this court had jurisdiction to issue the writ, and that it was no objection thereto that the occasion arose in a collateral matter. *Re Rice*, 155 U. S. 396. Also that the admiralty court had full jurisdiction over the proceeds after the receiver relinquished the vessels, but it had no jurisdiction to pay over moneys in its registry to a stranger, or for non-maritime liens, and that the receiver's expenditures and commissions were non-maritime liens (*The Mary K. Campbell*, 31 Fed. Rep. 840; *The Monte*, 12 Fed. Rep. 333; *The Oceano*, 148 Fed. Rep. 131); and if there was any lien under the bankrupt act it did not follow the proceeds into the admiralty court.

*Per Curiam:* Motion for leave to file a petition for writ of prohibition denied.